**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HUBERT KOHLER, ON HIS OWN**
**BEHALF AND OTHERS SIMILARLY**
**SITUATED,**

                **Plaintiff,**

**-vs-**                                  **Case No. 6:05-cv-1181-Orl-28KRS**

**FOODCRAFTERS DISTRIBUTING**
**COMPANY,**

                **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AS STIPULATED FINAL JUDGMENT (Doc. No. 22)** |
| **FILED:** | **May 5, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* The parties have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages, or when the district court

enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

On May 15, 2006, I held a hearing to consider the fairness of the settlement. Counsel indicated that while the case was originally styled as a collective action, it appeared after discovery that it was properly an individual action only.  Counsel also indicated that there was a legal dispute over whether Plaintiff Hubert Kohler qualified as an exempt employee under the FLSA.  While Kohler originally sought approximately $25,000.00 in back wages, based on the legal dispute over exemption, the parties agreed that $12,000 was a reasonable compromise of Kohler's claims. Kohler did not object.  After considering the argument of counsel, I conclude that the proposed settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

Accordingly, I respectfully recommend that the Court approve the settlement agreement submitted with the joint motion (doc. no. 22-2), and dismiss the case with prejudice. I also recommend that the Court direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 15, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy